## Jeffrey A. Rothman
Attorney at Law
305 Broadway, Suite 100
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
rothman.jeffrey@gmail.com

October 6, 2022

**By ECF To:**
Honorable Paul A. Engelmayer, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Husenovski v. City of New York, et al.</u>, 21 Civ. 5124 (PAE)

Your Honor:

    I, along with Jason Leventhal, Esq., am co-counsel for Plaintiff in the above-captioned action, and write to respectfully request that the Court enter a judgment requiring the City to pay us the proper amount of interest (as set forth below) on the late checks for attorneys' fees and costs that were mailed to Mr. Leventhal and me.

    As the Court is aware, Plaintiff in this case accepted a Rule 68 Offer of Judgment of $15,001 "plus reasonable attorneys' fees, expenses, and costs to the date of this offer for plaintiff's federal claims." *See*, Rule 68 Offer at docket # 64. In lieu of Plaintiffs' counsel making an attorneys' fees and costs application to the Court, Plaintiffs' counsel and the Defendant the City of New York settled the amount of the fees and costs, and we entered into a separate Stipulation and Order of Settlement of Attorney's Fees, Expenses, and Costs, which the Court "so ordered" on April 7, 2022 (docket # 67), and which required payment by the City of $11,774 to Mr. Leventhal, and $9,226 to me. That Stipulation and Order was, of course, a contract between us and the City. It stated, in its ¶ 4, that "[t]his Stipulation and Order contains all the terms and conditions agreed upon by counsel for defendants and counsels for plaintiff hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of attorneys' fees, expenses, or costs shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein."

    On April 1, 2022 Mr. Leventhal provided to opposing counsel the executed fees and costs settlement papers. *See*, **Exhibit 1** hereto (4/1/22 email from Mr. Leventhal to opposing counsel Katherine Weall, Esq. of the New York City Law Dept., and the executed fees and costs settlement papers attached that were attached to that email as a PDF). Pursuant to New York C.P.L.R. § 5003-a(b), payment of these fees and costs amounts to Mr. Leventhal and myself were due within 90 days of the provision of these executed settlement documents (*i.e.*, by June

30, 2022). When that date passed without receipt of our money, both Mr. Leventhal and I wrote a number of emails to Ms. Weall asking for her assistance in getting the late checks sent as quickly as possible. *See*, **Exhibit 2** hereto (emails between counsel of 7/19/22 through 8/4/22 relating to the as-of-then-not-yet-received, and late, fees and costs checks).

The checks, dated August 22, 2022 (and presumably mailed on that date, since the envelopes had no postmark), were received by Mr. Leventhal and me at our respective offices in late August, 2022. *See*, **Exhibit 3** (the 8/22/22 fees and costs checks sent to Mr. Leventhal and me). I then had a fulsome email exchange with Ms. Weall, in which I explained to her - and provided her with - the applicable law in considerable detail as to the amount of interest due on the late fees and costs checks (both concerning the applicable 9% interest rate, and that the interest amount due runs from the date we provided her with the executed fees and costs settlement paperwork). *See*, **Exhibit 4** hereto (emails between counsel of 8/31/22 through 9/29/22 relating to the amount of interest due on the late fees and costs checks). Unfortunately, the City has decided to ignore the fact that New York C.P.L.R. § 5003-a(b) determines the interest due under these circumstances, and they sent me an interest check for only $64.58 (which is $260.63 short of the $325.21 in interest that the City owes me on my late fees and costs check), and they sent Mr. Leventhal an interest check for only $82.42 (which is $332.73 short of the $415.15 in interest that the City owes him on his late fees and costs check).[1] *See*, **Exhibit 5**, (the 9/21/22 insufficient interest checks sent to Mr. Leventhal and me).

As I explained to Ms. Weall in the emails in **Exhibit 4**, interest is due on the late attorneys' fees and costs checks at the rate of 9% per annum, as per New York C.P.L.R. § 5003-a(b). *See*, e.g., Brown et al. v. City of NY, et al., 2012 U.S. Dist. LEXIS 24365 (E.D.N.Y. 2012), in which Magistrate Judge Go discusses the operation of C.P.L.R. § 5003-a(b) in the non-Rule 68 settlement context of a federal § 1983 action, and the required payment of interest at the rate of 9%. *See also*, Elliott v. City of New York, et al., 2013 U.S. Dist. LEXIS 96092 (S.D.N.Y. 2013) (Sweet, J.); Ottley v. City of New York, 2012 U.S. Dist. LEXIS 148061 (S.D.N.Y. 2012) (Duffy, J.); Carter v. City of New York, 2019 U.S. Dist. LEXIS 59228, at *10-12 (S.D.N.Y. 2019) (Ramos, J.) (awarding interest on late attorneys' fees and costs payment that, as here, stemmed from the acceptance of a Rule 68 Offer, at the 9% rate pursuant to C.P.L.R. § 5003-a(b), because the City had acknowledged that interest was due at the 9% rate); Backmon v. John D'Amelia & Assocs. LLC, 2020 U.S. Dist. LEXIS 9534, at *11 n.11 (D. Conn. 2020) (citing Brown in support of the proposition that Connecticut state contract law governs the analysis of a settlement agreement in a case with federal jurisdiction and federal claims); C.S. v. N.Y.C. Dep't of Educ., 2021 U.S. Dist. LEXIS 69716, at *10 (S.D.N.Y. April 8, 2021) (McMahon, J.); D.M. v. N.Y.C. Dep't of Educ., 2021 U.S. Dist. LEXIS 185654, at *6 (S.D.N.Y. Sept. 28, 2021) (Ramos, J.).

---

[1] As explained in my August 31, 2022 email to Ms. Weall (the first email in **Exhibit 4**), these amounts were calculated using the required 9% rate for the period 4/1/22 (when the executed fees and costs settlement paperwork was provided to Ms. Weall) to 8/22/22, when the checks were mailed to us. The resultant amount due on the $11,774 check for Mr. Leventhal was $415.15, and the resultant amount due on the $9,226 check to me was $325.21.

       I also respectfully ask that the Court award me attorney's fees for the 2.5 hours I have had to spend preparing this letter motion in order to force the City to pay these interest amounts. My current hourly rate is $750 per hour.[2] As the Court can see in the emails in **Exhibit 4**, before seeking court intervention I took a significant amount of time to respond to all of Ms. Weall's queries about this, and provided her with the applicable caselaw, but to no avail. I note that I am not seeking fees for the significant amount of time spent on those emails (which would also be proper) – only for the 2.5 hours spent on the instant letter (and any further time that needs to be spent on a reply or other court filings in relation to this matter). Fees are justified here under 28 U.S.C. § 1927, and the court's inherent authority[3] over this case and the Stipulation and Order of Settlement of Attorney's Fees, Expenses, and Costs that Your Honor "so ordered." There is no legitimate reason - in light of the authority I provided to opposing counsel - for counsel and the City to have refused to pay the proper amount of interest to us here. The City, of course, can and should pay its debts on time and, when it fails to do so, its lawyers should not then unreasonably and vexatiously waste Plaintiff's counsels' and the Court's time by requiring Plaintiff's counsel to seek court intervention in order to wrest the proper amount of interest from the City.

       I thank the Court for its consideration in this matter.

                                          Respectfully submitted,

                                          /S/

                                        Jeffrey A. Rothman

The Court directs the City of New York to submit a response to this letter by October 18, 2022.
SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
October 13, 2022

---

[2] Should the Court determine that I should be awarded fees, I respectfully request the opportunity to provide the Court with supporting materials concerning my hourly rate. It would be premature to do so at this juncture.

[3] *See*, e.g., Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 137 (2017).

3