UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VAIDE HUSENOVSKI,

                                    Plaintiff,

                -v-

LESLIE-ANN ABSALOM et al.,

                                    Defendants.

---

21 Civ. 5124 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On April 7, 2022, the Court entered the parties' stipulation that—pursuant to plaintiff's acceptance of an offer of judgment under Federal Rule of Civil Procedure 68—defendant City of New York (the "City") pay plaintiff's counsel Jeffrey A. Rothman, Esq., the amount of $9,226, and plaintiff's counsel Jason Leventhal, Esq., the amount of $11,774, in "full satisfaction of plaintiff's claims for attorneys' fees, expenses, and costs." Dkt. 67 at 2. The stipulation stated that plaintiff's counsel "hereby agrees and represents that no other claims for attorneys' fees, expenses, or costs arising out of this action shall be made by or on behalf of plaintiff in any application for attorneys' fees, expenses, or costs at any time." *Id.* On April 11, 2022, the Court entered the Rule 68 judgment, under which plaintiff took judgment against the City in this action for the amount of $15,001, "plus reasonable attorneys' fees, expenses, and costs to the date of the offer." Dkt. 68.

Plaintiff's counsel now move to compel the City to pay (1) the full interest due on their late-paid attorneys' fees and costs and (2) additional fees for the time expended in following up on the outstanding interest payments. Dkt. 69. Plaintiff's counsel state that the City failed to pay the proper amount of interest due, under New York C.P.L.R. § 5003-a(b), for its late payment of

the stipulated attorneys' fees and costs.  *Id.* at 1–2.  They calculate that the City owes additional

interest of $260.63 to Mr. Rothman and $332.73 to Mr. Leventhal.  *Id.* at 2.  They also request

that the Court award, pursuant to its inherent authority and 28 U.S.C. § 1927, additional

attorneys' fees for the 2.5 hours spent preparing the letter-motion, at a rate of $750 per hour.  *Id.*

at 3.

The City does not object to payment of the requested interest on the late-paid attorneys'

fees.  Dkt. 71 at 1–2.  However, the City opposes the request for additional fees for time spent

preparing the letter-motion, arguing that such an award would constitute impermissible "fees-on-

fees."  *Id.* at 2.  In the City's view, the stipulation of settlement and the Rule 68 judgment bar the

additional fees requested.  *Id.* at 2–3.  In the event that the Court awards additional fees, the City

argues, the Court should award fees at the rates agreed upon by the parties in resolving the case:

$495 per hour for Mr. Rothman and $506 per hour for Mr. Leventhal.  *Id.* at 3.

In reply, plaintiff's counsel contend that the additional fees sought differ from fees

received under fee-shifting statutes and thus are not "fees-on-fees."  Dkt. 73 at 1–2.  They assert

that the rates paid in settling this case should not bear on their instant request, and requests the

opportunity to offer materials supporting a $750-per-hour rate.  *Id.* at 2–3.

The Court has carefully reviewed the letter-motion, the City's opposition, and plaintiff's

counsel's reply.  In light of the City's consent to do so, the Court grants the motion to compel the

City to pay the full amount of interest due on the late-paid attorneys' fees and costs.  However,

the Court denies the request to impose additional attorneys' fees.

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any

court of the United States . . . who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

attorneys' fees reasonably incurred because of such conduct." "To impose sanctions under § 1927, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (quoting *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (alteration omitted)). "The attorney's actions must be so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016) (internal quotation marks omitted); *see also, e.g.*, *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015).

Similarly, a court may impose sanctions pursuant to its inherent equitable powers where it makes a "specific finding that an attorney acted in bad faith," and "there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *See Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "In practice, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 144 (2d Cir. 2012) (internal quotation marks and ellipsis omitted).

Neither the City's delay in payment of the stipulated attorneys' fees nor its delay in payment of the full interest due on the late-paid fees warrant the imposition of the additional fees sought by plaintiff's counsel. The correspondence between the City and plaintiff's counsel, attached to the letter-motion, does not make clear the reason behind the City's delay in paying the originally stipulated fees. But it suggests that the City worked to expedite plaintiff's

counsel's request and effectuate a timely payment.  *See* Dkts. 69-1, 69-2 (City counsel stating that fee request had been sent to Comptroller and expediting request).  Likewise, the correspondence indicates that the City had reason to believe that a lower interest payment was proper: first, based on its calculation of interest from the due date for the stipulated fees rather than from the date of the stipulation, and second, based on its calculation of interest under 28 U.S.C. § 1961, which provides for the determination of interest on monetary judgments in civil cases before district courts.  *See* Dkt. 69-4.  Although plaintiff's counsel repeatedly cited in parties' correspondence case law and statutory text supporting the calculation of interest under C.P.L.R. § 5003-a(b), *see id.*—and the City no longer objects to the application of the state law interest rate, *see* Dkt. 71 at 2—the City's arguments for a lower interest payment were not so flawed or unconvincing "as to require the conclusion that they must have been undertaken for some improper purpose," *Zurich Am. Ins. Co.*, 811 F.3d at 591 (internal quotation marks omitted).  Even assuming, *arguendo*, that the City's challenges to the interest sought were so unreasonable as to lack a colorable basis, the Court is unpersuaded that the City acted in bad faith.  And plaintiff's counsel has failed to identify any improper purpose, such as delay or harassment, motivating the City's conduct.  On these facts, the imposition of additional attorneys' fees pursuant to § 1927 or the Court's inherent authority is not justified.[1]

Accordingly, the Court grants in part and denies in part plaintiff's counsel's letter-motion.  The City shall, no later than January 9, 2023, disburse the outstanding amount of interest due on the late-paid attorneys' fees and file proof of payment on the docket of this case.

---

[1] The Court therefore has no occasion to address either the parties' exchange as to the proper rate for any additional fees or the City's argument that the requested fees constitute improper "fees-on-fees" and are barred by the stipulation and Rule 68 judgment.

The Clerk of Court is respectfully directed to close the motion pending at docket number 69.

The case shall remain closed.

SO ORDERED.

*Paul A. Engelmayer*

_____
Paul A. Engelmayer
United States District Judge

Dated:  December 27, 2022
        New York, New York